IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TIMOTHY W. JORDAN                                                PETITIONER

V.                                    CIVIL ACTION NO.: 3:12CV105-GHD-JMV

STATE OF MISSISSIPPI, ET AL.                                    RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on remand from the Fifth Circuit Court of Appeals for consideration of Timothy Jordan's federal habeas claim that the trial court erred in permitting the prosecution to rehabilitate and alter the testimony of a witness, Krystal Jordan, through the testimony of the witness' lawyer, Carnelia Fondren. Having considered the submission of the parties, the state court record, and the law applicable to Jordan's claims, the Court finds that the petition should be denied, for the reasons that follow.

### Relevant Facts[1] and Procedural History

Timothy Jordan, along with co-defendants Glenn Grose and Johnny Grose, stood trial for the sexual battery, gratification of lust, and child neglect of Jordan's three year-old daughter, referenced herein as "B.J." Krystal Jordan ("Krystal"), Jordan's wife and B.J.'s mother, entered into a plea deal by which she pleaded guilty to three counts of sexual battery and testified against the male defendants at their joint trial.

Krystal, a mildly mentally disabled drug abuser[2], testified on direct examination that she

---

[1] The facts of this case were fully set forth in the Court's July 24, 2014, Memorandum Opinion and Order denying federal habeas relief. *See* doc. #17. The Court only here recounts the facts necessary for a discussion of the sole claim before the Court.

[2] Dr. Thomas Fowlkes, Krystal's treating physician at the Lafayette County Detention Center testified that Krystal was mildly mentally disabled when he began treating her, but that she was actually less functional at the time of trial than she was when she was first incarcerated

consented to the defendants' sexual battery of her daughter, participated in the assaults against her daughter, and that she gave B.J. a prescription painkiller before many of the assaults. *See, e.g.*, doc. #11-6 at 84-120. Throughout her direct testimony and cross-examination, Krystal struggled to understand and answer questions, and leading questions were permitted because of her confusion. *See, e.g.*, doc. #11-6 at 84-120 through doc. #11-7 at 49.

On cross-examination, the defense attempted to impeach Krystal's testimony by introducing into evidence letters in which Krystal denied any knowledge of who abused B.J. *See, e.g.*, doc. #11-6 at 126-29; 131-33; doc. #11-7 at 4-7, 9-23. The defense elicited testimony from Krystal that she was facing a term of life imprisonment on the charges prior to her plea, but that the state agreed to recommend a reduced sentence of ten years in exchange for her agreement to testify against the defendants in this case. Doc. #11-6 at 147-49. Also during cross-examination, evidence was introduced to show that another sexual battery charge against Krystal (involving a different victim) was retired the same day that Krystal entered her plea in this case. *See, e.g.*, doc. #11-7 at 5-7. Despite these attempts to show that Krystal had fabricated her testimony in exchange to avoid additional jail time, Krystal denied any knowledge that the state could revoke her plea deal if she did not testify against the defendants. Doc. #11-6 at 150; doc. #11-7 at 1-3.

Subsequently, the prosecution stated its intention to call Krystal's attorney, Carnelia Fondren, to offer testimony as to Krystal's prior consistent statements and to present evidence concerning the circumstances of the plea agreement. Doc. #11-7 at 60-61. The defense objected and argued that: (1) Fondren was not disclosed as a witness; (2) they were not prepared to examine her; (3) any information she had was protected by the attorney/client privilege; and (4) Fondren's testimony would amount to hearsay. *Id.* Over these objections, the trial court allowed

---

due to her abuse of inhalants while imprisoned. Doc. #11-6 at 66, 69-70, 75-76.

her testimony pursuant to Mississippi Rule of Evidence 801(d)(1)(B)[3] and gave the defense an opportunity to question her before she took the stand. *Id.* at 60-86.

Fondren testified that Krystal initially denied any involvement in the crimes against B.J., but that she eventually admitted that she participated in the sexual battery of her daughter with each of the three men accused in the case. *Id.* at 65-70. Fondren stated that she negotiated a plea deal with the state whereby Krystal would serve a term of ten years with ten suspended in exchange for her cooperation against the male defendants. *Id.* at 66-69. At the conclusion of her testimony, the defense moved for a mistrial, alleging that Fondren's testimony was improper. *Id.* at 98-99. The trial court overruled the motion as follows:

> [A] good deal of [objected-to matters] would not have been admissible if not elicited from defense counsel. Likewise, I think we are in a very peculiar - - at least it is for me - - posture, evidentiary posture, in that the defense counsel has several times attempted to elicit through witnesses the implication, if not the direct assertion, that the plea deal made with Krystal Jordan is tainted and flawed based upon some sort of fraud; and I think that's unusual, of course; but it becomes relevant and admissible as to whether or not there was a legitimate factual basis for her plea and whether or not it was based on facts probable and known at the time she entered the guilty plea[.]

Doc. #11-7 at 101-102.

Additional testimony was offered by the prosecution, and Jordan presented his case-in-chief. Ultimately, a jury sitting in the Circuit Court of Lafayette County, Mississippi, found Jordan guilty of four counts of sexual battery, one count of touching a child for lustful purposes, and one count of felony child neglect. *See* doc. #11-2 at 61-63. On October 14, 2008, he was sentenced to serve life imprisonment for each of the sexual battery convictions, ten years for

---

[3] MRE 801(d)(1)(B) provides that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.

touching a child for lustful purposes, and ten years for felony child neglect, all to be served in the custody of the Mississippi Department of Corrections. *Id.* at 68-69.

With the assistance of new counsel, Jordan appealed his convictions and sentences. On September 14, 2010, the Mississippi Court of Appeals affirmed the judgment of the trial court. *See Jordan v. Sate*, 80 So. 3d 817 (Miss.Ct.App. 2010), *reh'g denied*, June 7, 2011, *cert. granted*, Sept. 8, 2011, *cert. dismissed*, Feb. 16, 2012 (Cause No. 2008-KA-01761-COA). Specifically, as is relevant here, the Mississippi Court of Appeals addressed whether Fondren's testimony was improperly admitted, holding:

> During Krystal's cross-examination, the defense showed that Krystal's testimony was the product of a plea agreement and implied that Krystal had motivation to fabricate this story against the defendants. Thus, the defense opened the door, allowing the State to present rebuttal evidence. *See Jackson v. State*, 766 So.2d 795, 808 (& 40) (Miss. Ct. App. 2000). Fondren was allowed to testify about the particulars of Krystal's plea agreement and the disclosures Krystal had made to her about this case. Fondren testified that Krystal originally denied any involvement in the acts. However, as Fondren and Krystal established a relationship, Krystal finally admitted her guilt as to the crimes charged against her. Thereafter, the State offered a recommended sentence in exchange for Krystal's cooperation in the defendants' cases. Because Krystal admitted to helping the defendants sexually abuse [B.J.], Fondren opined that Krystal was justified in entering a guilty plea to the charges. The supreme court has held that an accomplice's testimony that he or she had previously entered a guilty plea to the same charge that the defendant is being tried for is evidence of a prior consistent statement. *Hathorne v. State*, 759 So.2d 1127, 1132 (& 26) (Miss. 1999). In addition, it is at times appropriate for a third person to testify to rebut a charge of improper influence or recent fabrication. *Williams v. State*, 749 So.2d 159, 164 (& 27) (Miss. Ct. App. 1999) (citing *Hosford v. State*, 560 So.2d 163, 168 (Miss. 1990)). Based on our review of the record and in light of Krystal's diminished mental capacity, we find that Fondren's testimony was a proper rebuttal to the defense's charge of recent fabrication, and it was not a bolstering of witness credibility. This issue is without merit.

*Jordan*, 80 So. 3d at 830.

On August 6, 2012, in the Mississippi Supreme Court, Jordan filed a *pro se* application

4

for leave to proceed in the trial court with a motion for post-conviction relief. On September 19, 2012, the Mississippi Supreme Court filed an order dismissing the motion, finding all of Jordan's claims procedurally barred by *res judicata* or otherwise waived by his failure to raise the issues at trial or on direct appeal. Doc. #10-2 (Case No. 2012-M-01259) (citing Miss. Code Ann. § 99-39-21(3)).

Jordan filed the instant petition on or about November 14, 2012, raising eight separate grounds for relief. In Ground Five, the remanded claim currently before the Court, Jordan's stated claim reads: "[w]hether the court erred by the state repeatedly rehabilitate and alter the testimony of the state witness Krystal Jordan by improper leading, when Krystal's lawyer wa[s]called to testify." *See* doc. #3 at 20. This Court rejected the claim as procedurally barred. Doc. #17 at 10-12. On appeal, the Fifth Circuit determined the Court erred in finding this claim procedurally barred and remanded the case. *See Jordan v. State*, No. 14-60594 (5th Cir. June 20, 2016). After receiving the Fifth Circuit's decision, this Court ordered Respondents to answer the remanded claim, which they have done. Though the Court informed Jordan that he could file a reply to Respondents' answer, he has failed to do so. *See* doc. #24. Therefore, this matter is now ripe for review.

## Legal Standard

Because the claim presented for this Court's consideration was reviewed by the state court and dismissed on its merits, the deferential provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), are applicable in this case. *See, e.g., Harrington v. Richter*, 562 U.S. 86, 98 (2011). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in

5

a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The requirement that the decision be "unreasonable" is a difficult standard to meet. *Id.* In fact, a district court is required to deny federal habeas relief on any claim of legal error that was found lacking in merit by the state court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, as to claims of factual error, the factual findings of the state court are presumed correct, and the petitioner bears the burden of rebutting the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Finally, the Court notes that an evidentiary hearing is not available to a petitioner if his claims were reviewed on the merits in state court unless he meets the standards set forth in § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").

### Carnelia Fondren's Testimony

In his federal habeas petition, Jordan argues that Carnelia Fondren's opinion testimony was used for an improper purpose — as evidence of negotiation and to persuade the jury that since Krystal was guilty, so was Jordan. Doc. #3 at 20-21. However, the Court notes that federal habeas relief is an appropriate remedy for a criminal conviction obtained in violation of a specific constitutional or federally-protected right; it is unavailable to correct errors of state law. 28

U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("A federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."); *Castillo v. Johnson*, 141 F.3d 219, 222 (5th Cir. 1998) ("Federal habeas corpus review is limited to errors of constitutional dimension."). In this case, the state court found that Fondren's testimony was proper rebuttal to the claims made by the defense pursuant to Mississippi's evidentiary rules. The Mississippi Supreme Court's rejection of this claim controls this Court's decision. *See Bradshaw v. Rickey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Jordan cannot obtain relief as to the Mississippi Supreme Court's resolution of his claim based on the state's evidentiary rules.

Rather, a claim of error based on an erroneous state-court evidentiary ruling will serve as a basis for federal habeas relief only if the erroneous admission of prejudicial evidence impinged upon a specific constitutional right or rendered the entire trial fundamentally unfair. *Gonzalez v. Thaler*, 643 F.3d 425, 429-30 (5th Cir. 2011); *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005). The challenged evidence must have played a crucial, critical, and highly significant role in the context of the entire case. *Givens v. Cockrell*, 265 F.3d 306, 308 (5th Cir. 2001); *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999); *Thomas v. Lynaugh*, 812 F.2d 225, 230-31 (5th Cir. 1987). The test for whether a trial error rendered the entire trial unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *See, e.g., Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir.1988) (quotations omitted).

Fondren's testimony, even if erroneously admitted, was not a crucial, critical, and highly significant factor in the context of the entire trial. Numerous lay and expert witnesses testified as

to the abuse suffered by B.J., and they also testified as to B.J.'s explanations of the individuals responsible for the abuse. *See, e.g.*, doc. # 11-5 at 94 through doc. #11-7 at 98; *see also* doc. #11-7 at 108 through 11-8 at 117. Fondren's testimony did not introduce any new evidence concerning the criminal charges against the defendants; her testimony was offered only in rebuttal to the attacks made on Krystal's testimony and the circumstances of her plea agreement. Therefore, Jordan has not shown that the decision rejecting this claim was contrary to, or that it involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, nor has he demonstrated that the decision rejecting this claim was based on an unreasonable determination of the facts in light of the evidence presented.[4] Accordingly, federal habeas relief is not warranted.

## Conclusion

For the reasons set forth above, relief on this claim is **DENIED**. A separate final judgment will issue today.

SO ORDERED, THIS the ⟋⟋ day of October, 2016.

*/s/ Glen H. Davidson*
**SENIOR U.S. DISTRICT JUDGE**

---

[4] The Court additionally notes that Jordan is not entitled to an evidentiary hearing, as his claim was adjudicated on the merits in state court, and Jordan failed to overcome the limitation of § 2254(d)(1) on the basis of the state-court record. *See Pinholster*, 563 U.S. at 185.

8